[Civ. No. 5071. First Appellate District, Division Two.—July 13, 1925.]

MYRTLE F. BARKER, Respondent, v. EVA D. MOR-RELL, Appellant.

[1] BROKER'S COMMISSIONS—ORAL CONTRACT TO DIVIDE COMMISSIONS—ABANDONMENT OF—EVIDENCE.—Where two real estate brokers orally agreed that all deals consummated between them should be shared equally, the statement of one of said brokers to a third broker to the effect that if a deal which the former was endeavoring to consummate was said third broker's deal, "then I will give it up and have nothing more to do with it," does not constitute a contract of abandonment which is binding on the other broker to said oral contract.

[2] ID.—ACTION TO RECOVER SHARE OF COMMISSIONS—FINDING—EVIDENCE.—In this action by one real estate broker against another for the recovery of a part of commissions received by the defendant and which plaintiff claimed she was entitled to under an oral contract between herself and defendant to the effect that all deals consummated between them should be shared equally, the evidence does not support the defendant's contention that the oral contract would not apply to any case unless the business should be transacted wholly by the plaintiff and the defendant; and the finding of the trial court to the effect that the plaintiff and defendant participated as real estate brokers in effecting an exchange of real property is supported by the evidence and will not be disturbed on appeal.

(1) 9 C. J., p. 584, n. 74.   (2) 9 C. J., p. 584, n. 76.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Owen D. Richardson for Appellant.

Rea & Caldwell for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a judgment for moneys al-

1. Contract to divide commisions, note, 45 L. R. A. 40. See, also, 4 Cal. Jur. 612; 4 R. C. L. 328.

leged to be due and owing. The defendant answered and the action was tried before the court sitting without a jury. Judgment went for the plaintiff and the defendant has appealed under section 953a of the Code of Civil Procedure.

Shortly prior to the eighth day of June, 1921, M. J. Mahoney and W. Sicotti were real estate brokers occupying the same office in San Jose. At the same time Myrtle F. Barker was a real estate broker and had an office at Los Gatos. At the same time the defendant Mrs. Morrell was a real estate broker and had an office in San Jose. Among other properties the plaintiff had listed the property of W. H. Crawford and wife. Shortly before the date last mentioned Mrs. Morrell called at the office of the plaintiff and stated that she would like some properties in that neighborhood and that all deals consummated between the plaintiff and the defendant should be shared equally fifty-fifty on the commission. A few days later the defendant again called and brought with her Ambrose Taylor, who owned some properties in San Jose. The plaintiff entered the automobile which the defendant was driving and together all three went to the property so owned by Mr. Crawford. Thereafter Mr. Mahoney entered into the transaction and took some part in the negotiations. Mr. Sicotti did the same thing. Still later such negotiations were had that an exchange was agreed upon as between Mr. Crawford and Mr. Taylor. At that time a dispute arose as to how the commissions should be disbursed. The amount of the commissions was not at all in dispute, but the question arose as to what individuals were entitled to share in the payments. Mahoney and Sicotti maintained that they were entitled to the whole; Mrs. Morrell claimed that she was entitled to one-half; this plaintiff claimed that she was entitled to one-half. A conference was held between the owners of the properties and the real estate brokers and the disbursement of the commissions was gone over. At that time the plaintiff was not present; however, as a result of the conference, a writing was executed as follows: "San Jose, June 8th 1921. We the undersigned do hereby agree to accept one-third each of any and all commissions coming from the sale or exchange of the properties owned by Ambrose Taylor and his wife Amelia and W. H. Crawford and his wife Maude. Provided that Mrs. E. Morrell is to settle with Mrs. Barker

of Barker & Barker Real Estate Dealers of Los Gatos for any claim that she may have against the above commissions. We agree to accept our money as it is paid in taking notes from Mr. and Mrs. Taylor for their portion of the commissions. (Signed) M. J. Mahoney, W. Sicotti, E. Morrell. Witnesses: Maude Crawford, W. H. Crawford.'' After that paper was executed the commissions were paid in accordance with the terms thereof and when the plaintiff heard that the payment had been made to Mrs. Morrell she demanded that she be paid one-half of the payment so made to Mrs. Morrell, and when the demand was refused she commenced this action.

The trial court made findings which are full and complete and which are in favor of the plaintiff. The appellant contends that the finding to the effect that the plaintiff and defendant participated as real estate brokers in effecting the exchange is not supported by the evidence. In this behalf appellant quotes the plaintiff's language wherein she stated that the oral contract was that the plaintiff and defendant agreed ''that all deals consummated between us should be shared equally.'' Then appellant cites evidence to the effect that the deal was consummated by Mahoney and Sicotti and therefore the evidence did not show that the plaintiff had brought herself within the terms of the oral contract as she stated its terms. The appellant also contends that the original contract was abandoned and that the exchange which was made was made pursuant to another and different contract.

[1] The latter point is predicated on the testimony of the defendant. After she had had her conversation with the plaintiff, and after she had taken Mr. Taylor to see the Crawford property, she met and had a conversation with Mahoney. In that conversation Mahoney claimed that the business in hand was wholly his business. The defendant testified thereupon she said: ''Well, if it is your deal then I will give it up and have nothing more to do with it.'' Conceding that the defendant by that statement attempted to abandon the contract, the utmost that can be said as to the legal effect is that she was attempting, so far as she was concerned, to abandon it. However, her act would not constitute a contract of abandonment which would be binding on the plaintiff. The appellant shows no portion of the

record in which the plaintiff ever agreed to an abandonment.
[2] As to the first point regarding the consummation of
sales or exchanges, we understand the appellant to contend
that the oral contract as stated by the plaintiff would not
apply to any case unless the business should be transacted
wholly by the plaintiff and the defendant. The evidence
does not support the contention. The plaintiff alleged that
all four of the brokers effected the exchange. The trial
court found that all four of the brokers ''performed services
as real estate brokers, all being duly authorized under the
laws of the state of California to act as brokers in real estate
transactions, and took part in the exchange . . . '' The
exact value of the factor as to the amount of labor and the
effectiveness of the labor of each of the brokers is a question
on which the evidence is distinctly conflicting. However,
there is an abundance of evidence to support the finding
as made by the trial court and this court is not at liberty
to disturb that finding.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.